UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- 
ABRAHAM BROWN,

                       Plaintiff,

        -against-

Detective CHRISTOPHER SCHILLING, Shield No. 6516; Sergeant FRITZ GLEMAUD, Shield No. 3224; Undercover Officer # C-0030; and JOHN and JANE DOE 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                       Defendants.
-------------------------------------------------------------- x

**COMPLAINT**

Jury Trial Demanded

CV 12 - 2426

VITALIANO, J.

POHORELSKY, M.J.

## NATURE OF THE ACTION

1.     This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Abraham Brown ("Mr. Brown" or "plaintiff") is a 69 year-old man.

7. Defendant Police Detective Christopher Schilling, Shield No. 6516 ("Schilling"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Schilling is sued in his individual and official capacities.

8. Defendant Police Sergeant Fritz Glemaud, Shield No. 3224 ("Glemaud"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Glemaud is sued in his individual and official capacities.

9. Defendant Undercover Officer # C-0030 ("UC C-0030") at all times relevant herein, was an officer, employee and agent of the NYPD. Plaintiff does not know the real name or shield number of UC C-0030. UC C-0030 is sued in his or her individual and official capacities.

10. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

13. At approximately 7:55 p.m. on August 2, 2010, plaintiff was lawfully present in the vicinity of 249 Halsey Street in Brooklyn, NY when approximately six officers placed him under arrest.

14. The handcuffs placed on plaintiff's wrists were unreasonably tight.

15. Neither drugs nor pre-recorded buy money were found on plaintiff.

16. The officers lacked reasonable suspicion to stop plaintiff and arguable probable cause to arrest him.

17. Plaintiff was then taken to the 79th precinct.

18. At the precinct plaintiff was unlawfully strip-searched.

19. Approximately 14 hours later, plaintiff was taken to Brooklyn Central Booking.

20. The officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff sell and possess drugs and prepared

3

police paperwork and other documents to that effect.

21. The officers had not observed plaintiff sell or possess any drugs.

22. At approximately 12:00 a.m. on August 4, 2010, plaintiff was arraigned in Kings County Criminal Court.

23. After approximately twenty-eight hours in custody, plaintiff was released.

24. The criminal charges against plaintiff were ultimately dismissed.

25. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, and damage to his reputation.

### FIRST CLAIM
### Unlawful Stop and Search

26. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

27. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

28. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### SECOND CLAIM
### False Arrest

29. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

30. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

31. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Unlawful Strip Search

32. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

33. The defendants violated the Fourth and Fourteenth Amendments because they unlawfully subjected plaintiff to a strip search without legal justification.

34. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Unreasonable Force

35. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36. Defendants violated the Fourth Amendment because they used unreasonable force on plaintiff.

## FIFTH CLAIM
### Malicious Prosecution

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. By their conduct, as described herein, and acting under color of state law, defendants are liable to Plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

39. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive Plaintiff of his constitutional rights. The prosecution by defendants of Plaintiff constituted malicious prosecution in that there was no basis for the Plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in Plaintiff's favor.

40. As a direct and proximate result of defendants' unlawful actions, Plaintiff has suffered, and will continue to suffer, damages, including mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## SIXTH CLAIM
### Denial Of Constitutional Right To Fair Trial

41. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42. The individual defendants created false evidence against plaintiff.

43. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

44. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

45. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Failure to Intervene

46. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

47. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

48. Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against all defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED: May 15, 2012
New York, New York

                                HARVIS MARINELLI
                                SALEEM & WRIGHT LLP

                                _____
                                Robert Marinelli
                                305 Broadway, 14th Floor
                                New York, New York 10007
                                (212) 323-6880
                                rmarinelli@hmswlaw.com

                                *Attorney for plaintiff*